Ducker, Judge:
The claimant, Eureka Pine Line Company, a West Virginia corporation with offices in Parkersburg, West Virginia, owned and operated with easement rights two six-inch high pressure oil pipe lines which crossed Conaway Run, a branch of Middle Island Creek in Centerville District, Tyler County, West Virginia. The Department of Resources of the State of West Virginia proposed to construct a lake on Conaway Run which would inundate the right-of-way and pipe lines of claimant, and the representatives of the Department of Resources contacted claimant and submitted two alternative plans with *101 respect to the right-of-way and the pipe lines, one to be the taking of the right-of-way and the relocation of claimant’s pipe lines around the proposed lake site at an estimated cost of $20,000.00, and the other alternate plan to be the replacement and up-grading of the existing pipe lines at an estimated cost of $5,693.00; that amount to be the actual cost of labor and material, but not limited to the said estimate figure. The State Agency accepted the latter offer and the parties entered into a written agreement dated April 1, 1961, which was processed in accordance with all legal requirements as to approval thereof by the Department of Finance and Administration and the Attorney General, and all work was done satisfactorily and in accordance with the agreement, but the total costs thereof amounted to a total of $6,963.38 according to a statement rendered by the claimant to the respondent showing in detail the exact amounts expended by claimant for labor, materials, equipment and all other costs, after giving credit to the State for the salvage value of the pipe removed. In addition to the testimony of the witnesses for claimant, a stipulation between the parties was filed and admitted in the evidence, and the only item in controversy is the amount of the claim. At the hearing the claimant moved that its claim be reduced to $6,741.99 because it had been discovered that the pipe recovered from the lake had been sold and the proper credit to the State, was the sum of $221.39.
The sole question involved is whether or not the claimant is entitled to recover its total claim of $6,741.99, or is it limited to the amount designated as the estimated cost of $5,693.00 specified in the agreement of April 1, 1964 between the State and the claimant. The exact wording of the agreement in this respect is as follows:
“Resources agrees to reimburse Eureka for the actual cost of said pipe lines. Said cost is estimated to be as follows (the separate items total $5,693.00). It is understood by and between the parties that the above cost estimate is an estimate only and not a declaration of maximum cost and it assumes the prevalence of favorable weather and working conditions.”
The evidence clearly shows that it was contemplated that claimant would have time to remove the old pipe and install the new pipe before the area was submerged with lake water, *102 but such was not the case and claimant had to do the work after the dam was completed and the water lowered which necessitated the work being done in muddy and slimy conditions.
The express wording of the contract that it was only an estimate of the cost and not a maximum figure is entirely clear and not ambiguous, and the reason for such wording is further sustained by the evidence as to the working conditions.
Wherefore, it is the opinion of this Court that the claimant has proved its claim by uncontradicted evidence in accordance with the terms of the agreement, and we hereby award the claimant, Eureka Pipe Line Co. Inc., the sum of $6,741.99.
Claim awarded.